UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARY LABARBERA et al.,                          08 CV 3387 (SJ) (JMA)

                Plaintiffs,          MEMORANDUM
                                     AND ORDER

-against-

FRANK J. BATCHELDER
TRANSPORTATION LLC,

                Defendant.
-----------------------------------------------------------X
A P P E A R A N C E S:

AVRAM H. SCHREIBER
40 Exchange Place, Suite 1300
New York, NY 10005
By:  Avram H. Schreiber
Attorney for Plaintiffs

JOHNSON, Senior District Judge:

      Plaintiffs Gary Labarbera and Frank Finkel, Trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds (the "Funds") (collectively, "Plaintiffs") brought this action, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, against defendant Frank J. Batchelder Transportation LLC ("Defendant"), seeking to

1

recover delinquent contributions and associated payments owed to the Funds and a permanent injunction enjoining Defendant from any further violations of the collective bargaining agreement ("CBA").  Defendant never responded to the complaint and never appeared before this Court.  On October 28, 2008, Plaintiffs filed a motion for default and the Clerk of Court subsequently entered a default judgment.  On October 29, 2008, this Court referred the matter to United States Magistrate Judge Joan M. Azrack for a report and recommendation on damages.  On January 8, 2008, Magistrate Judge Azrack issued a report and recommendation (the "Report"), recommending that this Court award Plaintiffs damages in the total amount of $34,665.76, representing $21,714.96 in unpaid principal contributions; $2,942.25 in interest; $6,951.28 in liquidated damages; $550.65 in costs; and $2,506.76 in attorneys' fees.  (Report, p. 2.)  The Report further recommended that Plaintiffs' request for a permanent injunction be denied because Plaintiffs have not demonstrated that their remedy at law is inadequate.  (Report, p. 10-11.)   The Report was served on Defendant on January 8, 2009.

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion.  See 28 U.S.C. § 636(b)(1).  Within ten days of service of the recommendation, any party may file written objections to the magistrate's report.

See id. Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections waives the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, objections to Magistrate Judge Azrack's Report were due within ten days of service of the Report on January 8, 2009. No objections to the Report were filed. Upon review of the recommendations, this Court adopts and affirms Magistrate Judge Azrack's Report in its entirety.

SO ORDERED.

Dated: Brooklyn, New York  /s/
February _2_, 2009  Sterling Johnson, Jr.
U.S.D.J.